UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT CARR, JR.,

        Plaintiff,

        v.                                    Case No. 23-cv-0414-bhl

JASON BARANEK and
DAVID A. CLARKE, JR.

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Robert Carr, Jr., who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 30, 2023, he filed an amended complaint, which he is allowed to do once without the Court's permission. This matter comes before the Court on Carr's motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Carr has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Carr has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $44.77. Carr's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Carr, Defendant Officer Jason Baranek arrested him without a warrant on August 2, 2016. Carr alleges that he was booked into the Milwaukee County Jail and was not brought before a judge until August 6, 2016. Carr asserts that Baranek did not have probable cause, a warrant, or a judge's authorization to arrest him. Dkt. No. 3 at 2-3.

## THE COURT'S ANALYSIS

Carr, who filed his original complaint under §1983 on March 30, 2023, purports to assert claims against Defendants based on events that occurred in early August 2016. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). Carr knew he had sustained an injury when the events occurred in August 2016. The relevant Wisconsin statute of limitations for claims that accrued in 2016 is six years. *See D'Aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. § 893.53 from six years to three years). Accordingly, Carr was required to file his complaint before August 6, 2022. He did not. Because Carr filed his complaint more than six years after the time his claims accrued, his complaint must be dismissed because his claims are time-barred.

**IT IS THEREFORE ORDERED** that Carr's motion for leave to proceed without prepaying the filing fee (Dkt. No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** because it is time-barred.

**IT IS FURTHER ORDERED** that the agency having custody of Carr shall collect from his institution trust account the $305.23 balance of the filing fee by collecting monthly payments from Carr's prison trust account in an amount equal to 20% of the preceding month's income credited to Carr's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Carr is transferred to another institution, the transferring institution shall forward a copy of this Order along with Carr remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 25, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.